# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

Case No.  CV-13-304-JPH

CHARLES E. PHILLIPS, JR.,

                Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 16, 18. Attorney Dana C. Madsen represents plaintiff (Phillips). Special Assistant United States Attorney Diana Andsager represents defendant (Commissioner). The parties consented to proceed before a magistrate judge. ECF No. 8. After reviewing the administrative record and the briefs filed by the parties, the court **grants** defendant's motion for summary judgment, ECF No. 18.

## JURISDICTION

Phillips applied for disability income benefits (DIB) and supplemental security income (SSI) benefits June 10, 2010 alleging disability beginning July 1, 1988, amended to June 27, 2007 (Tr. 21, 88-89, 231-37, 238-41). His claims were denied initially and on reconsideration (Tr. 163-66, 167-69, 170-73, 174-76, 179-

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 1

82). Administrative Law Judge (ALJ) James W. Sherry held a hearing January 25, 2012 (Tr. 86-121)[A prior hearing was held June 11, 2007 before ALJ G. Alejandro Martinez. Tr. 48-83).] At the 2012 hearing, Phillips and a vocational expert testified. On February 14, 2012, the ALJ issued an unfavorable decision (Tr. 21-33). The Appeals Council denied review (Tr. 1-5). August 15, 2013 Phillips appealed pursuant to 42 U.S.C. §§ 405(g). ECF No. 1, 5.

### STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the decision below and the parties' briefs. They are only briefly summarized here and throughout this order as necessary to explain the Court's decision.

Phillips was 41 years old at onset and 46 at the 2012 hearing. He graduated from high school, served in the military for six months and has worked as an stocker. He last worked in 2001. Phillips suffers advanced glaucoma, status post surgical repair; chronic right shoulder subluxation/dislocation; advanced degenerative joint disease (DJD) of the right shoulder, status two post surgical repairs; left knee degeneration; lower left leg deep venous thrombosis; recurrent seizure disorder/epilepsy, unspecified; migraine headaches; an L1-2 compression fracture; alcohol dependence; dysthymia; adjustment disorder with depressed mood and personality disorder.

He reads with magnifying glasses and uses eye drops daily for glaucoma.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 2

Medications do not prevent seizures. He can stand ten to fifteen minutes and sit from 30 minutes to an hour. Reaching up with the right arm is a problem so he uses his left arm. He is able to lift ten pounds, cooks easy meals and do laundry, but, he testified, he cannot drive or shop. He began getting migraine headaches in 2010 or 2011. They are severe and occur two to three times a week; a prescribed medication helps. He suffers tremors due to "nervousness or anxiety or whatever." Phillips rolls his own cigarettes, watches television and plays video games. He visits friends three to five times a week. He is compliant now with taking prescribed medication, but admits he was not in the past  (Tr. 71-74, 79, 91-93, 96-102, 104-110, 112-13, 115, 260, 263, 265).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A),

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 3

1    1382c(a)(3)(B). Thus, the definition of disability consists of both medical and

2    vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

3        The Commissioner has established a five-step sequential evaluation process

4    for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step

5    one determines if the person is engaged in substantial gainful activities. If so,

6    benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the

7    decision maker proceeds to step two, which determines whether plaintiff has a

8    medially severe impairment or combination of impairments. 20 C.F.R. §§

9    404.1520(a)(4)(ii), 416.920(a)(4)(ii).

10       If plaintiff does not have a severe impairment or combination of impairments,

11   the disability claim is denied. If the impairment is severe, the evaluation proceeds to

12   the third step, which compares plaintiff's impairment with a number of listed

13   impairments acknowledged by the Commissioner to be so severe as to preclude

14   substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20

15   C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed

16   impairments, plaintiff is conclusively presumed to be disabled. If the impairment is

17   not one conclusively presumed to be disabling, the evaluation proceeds to the fourth

18   step, which determines whether the impairment prevents plaintiff from performing

19   work which was performed in the past. If a plaintiff is able to perform previous work

20   that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv),

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 4

416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's]

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 5

determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 6

432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**ALJ'S FINDINGS**

ALJ Sherry found Phillips was insured through March 31, 2010 (Tr. 21, 23). At step one, he found Phillips did not work at substantial gainful activity levels after onset  (Tr. 23). At steps two and three, he found Phillips suffers from advanced glaucoma, status post surgical repair; chronic right shoulder subluxation/dislocation; advanced degenerative joint disease (DJD) of the right shoulder, status post two surgical repairs; left knee degeneration; lower left extremity deep venous thrombosis; recurrent seizure disorder/epilepsy, unspecified; migraines headaches; L1, L2 compression fracture; anxiety disorder; dysthymia; adjustment disorder with depressed mood; alcohol dependence and personality disorder, impairments that are severe but do not meet or medically equal a Listed impairment  (Tr. 23-24). The ALJ found Phillips less than fully credible, a finding challenged on appeal. The ALJ assessed an RFC for a range of sedentary work (Tr. 26). At step four, he relied on the vocational expert and found Phillips is unable to do any past relevant work (Tr. 31, 115-17). At step five, again relying on the VE, the ALJ found Phillips can do other work such as charge account clerk, surveillance system monitor and final

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 7

assembler. Accordingly, the ALJ found Phillips is not disabled as defined by the Act (Tr. 31-32, 117).

**ISSUES**

Phillips alleges the ALJ erred when he assessed credibility and weighed the medical opinion evidence. ECF No. 16 at 10-21. Specifically, he alleges the ALJ should have given more credit to the opinions of examining professionals Drs. Dalley and Rosenkrans, and less to reviewing advisor Dr. Brown. ECF No. 16 at 17-22. Phillips alleges his seizure disorder meets the Listing, the ALJ erred when he assessed evidence of visual limitations and misconstrued plaintiff's testimony with respect to overhead reaching. The Commissioner responds that the ALJ's findings are factually supported and free of harmful legal error. She asks the court to affirm. ECF No. 18 at 2.

**DISCUSSION**

*A. Credibility*

Phillips alleges the ALJ's credibility assessment is based on factual and legal error. ECF No. 16 at 10-15.

When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's credibility findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 8

Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9ᵗʰ Cir. 1995).

The ALJ's reasons are clear and convincing.

ALJ Sherry relied, in part, on unexplained or inadequately explained failure to take medication as prescribed and to follow medical treatment recommendations.

The record supports the ALJ's findings. Phillips refused to take medication prescribed for glaucoma and depression. He did not follow up with testing as directed to determine if medication prescribed to control seizures was at therapeutic levels. He did not take anti-seizure medication as prescribed. He failed to return to have glaucoma pressures checked as directed. Mental health treatment has been infrequent. Prescribed psychotropic and anti-seizure medication have been effective when taken as directed. A treating doctor notes Phillips very inconsistently complied with follow up after glaucoma surgery. Following a back injury Phillips refused to wear a prescribed back brace, claiming it was "flimsy" (Tr. 27, 267, 289, 296, 375, 379, 402, 417, 427, 438, 442, 456, 465, 489, 504-05, 510, 526-28, 531, 533, 538, 547, 691, 696).

The ALJ relied on Phillips' inconsistent statements. The ALJ noted plaintiff testified he had migraines 2-3 times daily lasting last six hours, but he told a medical provider in May 2009 he had severe migraines every two weeks typically lasting

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 9

1    four hours. Phillips alleges the condition has been ongoing with varying rates of

2    frequency, therefore the statements are not inconsistent. ECF No. 16 at 11-12,

3    referring to Tr. 29, 107, 463, 465, 530, 540 (January-February 2009 and August

4    2009).

5        Even if the Court accepts that the ALJ misconstrued this evidence, error if any

6    is harmless because there are many more inconsistencies between plaintiff's

7    testimony and the medical record. As the Commissioner accurately points out,

8    Phillips testified he was compliant with taking prescribed medication since June

9    2007, but medical records from providers contradict his statement. ECF No. 18 at 7,

10   citing Tr. 29, 109, *see, e.g.,* Tr. 427-28 (missed doses of anti-seizure medication,

11   2009); Tr. 481, 488 (needs to get back on glaucoma medications, 2010) and Tr. 596

12   (provider notes has not yet started on prescribed anti-seizure medication, September

13   2008). Phillips reported he was discharged from the military after his first seizure

14   "and due to bone fragments in spine" (Tr. 289). He testified he was discharged

15   because "I had problems with my left knee at the time" (Tr. 94). And the ALJ

16   correctly relied on test results "potentially involving considerable distortion" (Tr. 30,

17   632 (results of Personality Assessment Inventory), 643 (rule out malingering)).

18       The ALJ's reasons are clear, convincing and supported by substantial

19   evidence. *See Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir.

20   2002)(inconsistencies in plaintiff's statements are properly considered); *Burch v.*

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 10

1  *Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005)(inadequately explained lack of

2  consistent treatment and noncompliance with treatment are properly considered)

3  and *Warre v. Comm'r of Soc. Sec. Admin.,* 439 F.3d 1001, 1006 (9th Cir.

4  2006)(impairments controlled effectively with medications are not disabling for the

5  purpose of determining SSI benefit eligibility). Edlund v. Massanari, 253 F.3d 1152,

6  1157 (9th Cir. 2001)(a tendency to exaggerate is properly considered when assessing

7  credibility).

8      *B. Psychological limitations*

9      Phillips alleges the ALJ failed to properly credit the contradicted opinions of

10  examining psychologists Mahlon Dalley, Ph.D. (Tr. 469-79) and Frank Rosenkrans,

11  Ph.D. (Tr. 625-34). He alleges the ALJ erred by crediting instead the opinion of

12  Michael Brown, Ph.D., who reviewed the records. ECF No. 16 at 16-17. The

13  Commissioner responds that the ALJ's reasons are specific, legitimate and supported

14  by the record.

15      The ALJ properly considered the opinion of another examining psychologist,

16  John McRae, Ph.D., in addition to the opinions of the Dr. Brown and other

17  reviewing psychologists.

18      Dr. McRae. On April 11, 2008, about ten months after onset, Dr. McRae

19  performed a GAU evaluation  (Tr. 422-24). The ALJ largely credited this opinion.

20  Phillips told McRae he went to two counseling sessions and was prescribed

ORDER GRANTING DEFENDANT'S MOTION

FOR SUMMARY JUDGMENT ~ 11

medication for depression last year; he felt both were helpful. He was in the Army for about six months but had problems with his knees. He last worked fifteen years ago. He is unable to afford medications for high cholesterol and depression and anxiety (Tr. 423). He last drank six weeks ago (Tr. 422)[He has also smoked for more than thirty years (Tr. 757).] Dr. McRae opined Phillips' description of seeing ghosts and hearing voices "seems like an exaggeration of symptoms" (Tr. 423). He expected Phillips to improve with antidepressant medication because he indicated it helped in the past (Tr. 424, 801).

Dr. Dalley. Phillips alleges the ALJ should have credited Dr. Dalley's December 2009 opinion (Tr. 469-79). Dalley opined it is likely that Phillips suffers marked interference in functioning due to health concerns and depression (Tr. 470). He notes the MMPI-2 was invalid due to over-reporting, but suspected this was a "cry for help." Dalley notes Phillips continues drinking despite his doctor's recommendation he abstain because of the medications he is prescribed (Tr. 471). Phillips' allegation to the contrary is simply unsupported by the record.

Dalley notes Phillips was not currently receiving mental health treatment. He assessed three marked limitations (Tr. 471-73). Phillips reported audio and visual hallucinations. Dalley observes a side effect of depakote, which Phillips takes to control seizures, causes hallucinations in some individuals (Tr. 475). Phillips reported he does laundry, cooks, and has no difficulty doing daily household chores.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 12

Results on the MMPI-2 are invalid and indicate "he was over-reporting psychopathology on the test" (Tr. 476).

The ALJ properly discounted Dalley's contradicted opinion that Phillips suffers marked limitations because Phillips exaggerated his limitations to the point of invalid test results, and because examining psychologist Dr. McRae opined mental health limitations are likely to improve with antidepressant medication, as Phillips said it had helped in the past (Tr. 29, 424, 476). The ALJ notes in April 2010 Phillips told his treatment provider he "is not interested in starting on an antidepressant at this time." At the same appointment he admitted drinking alcohol by himself at times, which he also admitted makes him more depressed (Tr. 29, 526, 528).

The ALJ's reasons are specific, legitimate and supported by substantial evidence, as required. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Evidence of exaggeration is a convincing reason to discount a claimant's allegations or a doctor's opinion predicated on them, as the Commissioner correctly observes. ECF No. 18 at 13, citing *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004); *see also Edlund v. Massanari*, 253 F.3d at 1157.  Inconsistency between a doctor's opinion and the rest of the record is also a legitimate reason to discount the opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216-17 (9th Cir. 2005)

Dr. Rosekrans. Dr. Rosekrans evaluated Phillips in October 2011. The ALJ's

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 13

reasons for rejecting Dr. Rosekrans' assessed marked limitations are similarly legitimate and supported by the evidence. Again testing shows exaggeration. Dr. Rosekrans made a rule out diagnosis of malingering (Tr. 629, 632, 634). The opinion of examining psychologist Dr. McRae (as well as those of agency reviewing psychologists) contradict Dr. Rosekrans' assessed marked limitations. As noted, in 2010 Phillips was not interested in taking antidepressants (Tr. 29, 528). He reported drug use may be the source of some his problems (Tr. 423, 644). Phillips describes himself as getting along "very, very well" with authority figures. Activities such as socializing with friends and singing karaoke contradict Rosekrans' assessed marked limitation in the ability to perform effectively in a work setting with even *limited* public contact. (Tr. 265, 267, 290, 294-95, 626-27, 638)(emphasis added).

Phillips alleges the ALJ failed to take into account five moderate limitations assessed by Dr. Brown. ECF No. 16 at 22, citing Tr. 585-86. This is incorrect. The ALJ incorporated the assessed limitations in the RFC. Simple, routine repetitive tasks accommodate moderate limitations in the ability to understand, remember and carry out detailed instructions, and maintain concentration for extended periods. Superficial interaction with the public, co-workers and supervisors accommodates moderate limitations in the ability to interact appropriately with the public and get along with coworkers without distracting them or showing behavioral extremes (Tr. 26, 587). The ALJ did not err. *See Stubbs v. Danielson*, 539 F.3d 1169, 1173-74 (9th

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 14

Cir. 2008)(an ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence or pace where the assessment is consistent with restrictions identified in the medical testimony)(internal citations omitted).

The ALJ properly relied on the medical opinions supported by other evidence in the record, including Phillips' functioning and activities. To the extent that other physicians' conflicting opinions rested on independent, objective findings, those opinions could constitute substantial evidence. *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir 1989); *Miller v. Heckler*, 770 F.2d 845, 849 (9th Cir. 1985). An opinion may properly be rejected if it is not based on objective medical evidence. *See Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996).

*C. Physical limitations*

Phillips alleges the ALJ erred when he misread a January 26, 2010 treating doctor's notes. ECF No. 16 at 15-16, citing Tr. 28, 481.

These notes from the Davenport Vision Clinic show Phillips' corrected vision was 20/20 (OD) and 20/-1 (OS) on January 26, 2010 (Tr. 481, 596; *see also* Tr. 609: after left eye surgery on December 29, 2010, claimant's vision is 20/30). Treating sources note very inconsistent compliance with medical treatment for three months following this surgery (Tr. 623). Phillips argues the notes are not entirely legible. The pertinent results, however, are clear. His allegation that the ALJ misread or misinterpreted the record is unsupported.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 15

1    Phillips alleges the ALJ erred when he found at step three that no listing was

2    met or equaled. He alleges his seizure disorder meets Listing 11.02 or 11.03. ECF

3    No. 16 at 14, but he bases the allegation on his own unreliable testimony and reports

4    to providers. While it is clear he has been diagnosed with epilepsy, it is the

5    claimant's burden to establish an impairment meets or equals a listing. *Tacket v.*

6    *Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999). Phillips falls far short of meeting his

7    burden. In particular, the failure to take anti-seizure medication as prescribed and

8    obtain lab work as directed to determine the medication's therapeutic levels indicate

9    Phillips does not appear to think his impairment is severe. Treating sources note

10   Phillips has had a good response to depakote for seizure disorder: "Continue on

11   depakote regimen with good response appreciated. Although, states that stress will

12   exacerbate symptoms with last seizure approximately six weeks ago." (Tr. 564);

13   "Good response and well tolerated" (Tr. 567); "States that current dose of meds has

14   been satisfactory at keeping seizures under control." (Tr. 569)(Seizure control is

15   fairly good as long as he is compliant with his medications)(Tr. 807). A treating

16   source in October 2010 notes Phillips still has not had depakote levels checked and

17   he misses approximately two doses per week (Tr. 614*; see also* Tr. 655: in 2002,

18   notes indicate he "is not taking his depakote now")(October 17, 2007, Tr.

19   830)(same).

20   Phillips alleges the ALJ erred by finding he is capable of frequent overhead

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 16

reaching with his right arm. ECF No. 16 at 16. The Commissioner responds that although Phillips testified he experienced a "problem" reaching overhead with his right arm and that it made a noise when he did so, he also testified he was able to reach overhead with his left arm if he needed to reach high. ECF No. 18 at 10-11, Tr. 104-05.

The ALJ properly rejected a more severe limitation as unsupported by objective evidence, including medical records indicating Phillips has normal range of motion in his right shoulder (Tr. 28, 507; 739, 742, 850). In "hypotheticals posed to a vocational expert, the ALJ must only include those limitations supported by substantial evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006).

Where the evidence is susceptible to more than one rational interpretation, it is the conclusion of the ALJ that must be upheld. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)(citation omitted).

The ALJ properly weighed the contradictory evidence. The record fully supports the assessed RFC. Although Phillips alleges the ALJ should have weighed the evidence differently, the ALJ is responsible for determining credibility, resolving conflicts in medical testimony and resolving ambiguities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008)(internal citations omitted). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson v. Perales*,

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 17

402 U.S. 389, 400 (1971). If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d 1094, 1097 (9th Cir. 1999); *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED:**

Defendant's motion for summary judgment, **ECF No. 19**, is **granted.**

Plaintiff's motion for summary judgment, ECF No. 16, is denied.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant and **CLOSE** the file.

DATED this 10th day of June, 2014.

*S/ James P. Hutton*

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 18